A CERTIFIED TRUE COPY

ATTEST

By Teresa Bishop on Oct 01, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**FILED**

OCT 0 1 2009

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Oct 01, 2009**

**FILED**
**CLERK'S OFFICE**

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**



CERTIFIED TRUE COPY
Clerk of Court
BY:
Deputy Clerk
Date 10/13/09

IN RE: YASMIN AND YAZ (DROSPIRENONE)
MARKETING, SALES PRACTICES AND PRODUCTS
LIABILITY LITIGATION

MDL No. 2100

**TRANSFER ORDER**

**Before the entire Panel[*]**: Plaintiffs in 24 actions and three related actions move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the 32 actions listed on Schedule A in the Northern District of Ohio. The plaintiffs' motion encompasses fourteen actions in the Northern District of Ohio, six actions in the Eastern District of Pennsylvania, five actions in the Northern District of California, two actions in the Southern District of Ohio, and one action each in the Eastern District of California, Northern District of Georgia, Eastern District of New York, District of Puerto Rico and the Eastern District of Wisconsin.[1]

Plaintiffs in the Eastern District of California action (*Brownfield*) oppose the motion as it relates to their action and argue for exclusion of their action from any centralized proceedings. Although moving plaintiffs included the *Brownfield* action on their motion, they agree to the exclusion of this action from any centralized proceedings. Defendants Bayer Corp., Bayer HealthCare Pharmaceuticals Inc., on its own behalf and as successor by merger to Bayer Pharmaceuticals Corp.,[2] and Bayer HealthCare LLC (collectively Bayer) support centralization of all actions, including the *Brownfield* action, in the Northern District of Ohio.

All other responding plaintiffs support centralization but disagree upon the appropriate transferee district. These responding plaintiffs variously support centralization in the District of

---

[*] Judge Heyburn took no part in the decision of this matter.

[1] The parties have notified the Panel of 60 related actions pending in various federal districts. These actions and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Bayer HealthCare Pharmaceuticals Inc. was formerly known as Berlex, Inc., which was formerly known as Berlex Laboratories, Inc.

- 2 -

Colorado, Southern District of Illinois,  Eastern District of New York, Northern District of Ohio, Eastern District of Pennsylvania, or the Eastern District of Texas.

On the basis of the papers filed and hearing session held, we find that these 32 actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions relating to at least one of the drospirenone-containing oral contraceptives Yaz and Yasmin, which are manufactured by Bayer.  Plaintiffs in the products liability actions challenge the safety of those oral contraceptives and bring claims for personal injuries or wrongful death stemming from use of the drugs.  Plaintiffs in the *Brownfield* action bring claims arising from the advertising of Yaz on behalf of a putative nationwide class of purchasers of Yaz. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs in the *Brownfield* action argue that their action does not share questions of fact with the other actions and accordingly to exclude it from MDL No. 2100.  For the following reasons, we respectfully disagree with this argument.  Plaintiffs in all actions seek to hold Bayer responsible for harm allegedly arising out of the purchase and use of the oral contraceptives Yaz and/or Yasmin.  Like the plaintiffs in the *Brownfield* action, plaintiffs in several products liability actions also allege economic injury and violation of consumer protection statutes.  Similarly, complaints in the products liability actions reference the television advertisements at issue in the *Brownfield* action.  Moreover, the Panel has frequently combined actions involving claims relating to sales and marketing of medications with actions involving personal injury claims from use of the same pharmaceutical products.[3]  Transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has already occurred in other actions.

Distinctions among the actions may lead to certain actions or claims therein becoming ready for remand in advance of other claims or actions, after further refinement of the issues and close scrutiny by the transferee judge.  But we are unwilling, on the basis of the record before us, to make a determination that any claims warrant exclusion from Section 1407 proceedings at the outset. Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available to accomplish this with a minimum of delay.  *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

We are persuaded that the Southern District of Illinois is an appropriate forum for this docket. Centralization in this district, where related actions are already pending, permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who is not currently presiding over another

---

[3]  *See, e.g., In re Vytorin/Zetia Marketing, Sales Practices and Products Liability Litigation*, 543 F.Supp.2d 1378 (J.P.M.L. 2008); *In re Avandia Marketing, Sales Practices and Products Liability Litigation.*, 528 F.Supp.2d 1339 (J.P.M.L. 2007).

- 3 -

multidistrict litigation docket and who has a caseload favorable to accepting this assignment. This district also provides a geographically central forum for this nationwide litigation in which actions are pending in various districts across the country.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Southern District of Illinois and, with the consent of that court, assigned to the Honorable David R. Herndon for coordinated or consolidated pretrial proceedings in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
Robert L. Miller, Jr.
Acting Chairman

John G. Heyburn II, Chairman*          Kathryn H. Vratil
David R. Hansen                        W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.